1  Timothy M. Freudenberger, State Bar No. 138257
   tfreud@cdflaborlaw.com
2  Kent J. Sprinkle, State Bar No. 226971
   ksprinkle@cdflaborlaw.com
3  M. Leah Cameron, State Bar No. 274637
   lcameron@cdflaborlaw.com
4  CAROTHERS DISANTE & FREUDENBERGER LLP
   601 Montgomery Street
5  Suite 350
   San Francisco, California 94111
6  Telephone:  (415) 981-3233
   Facsimile:  (415) 981-3246
7
   Attorneys for Defendants
8  REGAL ENTERTAINMENT GROUP, REGAL CINEMAS,
   INC., EDWARDS THEATRES, INC., SAN FRANCISCO
9  THEATRES, INC., and UNITED STONESTOWN
   CORPORATION
10

11                  **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13

14  KELLEY MAZZEI and MARTIN OREJEL,          ) Case No. 3:13-cv-02867-TEH
    individually, and on behalf of other members of )
15  the general public similarly situated,         ) Assigned for All Purposes To:
                                                   ) Judge: Hon. Thelton E. Henderson
16              Plaintiffs,                         ) Ctrm:   12
                    vs.                             )
17                                                 ) **DEFENDANTS' NOTICE OF MOTION**
    REGAL ENTERTAINMENT GROUP, a               ) **AND MOTION TO DISMISS, OR IN**
18  Delaware corporation; REGAL CINEMAS, INC., ) **THE ALTERNATIVE, TO STRIKE**
    a Tennessee corporation; EDWARDS           ) **PORTIONS OF PLAINTIFFS' FIRST**
19  THEATRES, INC., a Delaware corporation; SAN ) **AMENDED COMPLAINT, OR IN THE**
    FRANCISCO THEATRES, INC., a California      ) **ALTERNATIVE, FOR MORE DEFINITE**
20  corporation; UNITED STONESTOWN             ) **STATEMENT; MEMORANDUM OF**
    CORPORATION, a California corporation, and  ) **POINTS AND AUTHORITIES IN**
21  DOES 1 through 10, inclusive,               ) **SUPPORT THEREOF**
                                                   )
22              Defendants.                         )
                                                   ) Date:   August 19, 2013
23                                                 ) Time:   10:00 a.m.
                                                   ) Ctrm:   2
24  _____ )
                                                   ) Action Filed:   June 27, 2012
25                                                 ) Trial Date:   Not Set

26

27

28

CAROTHERS DISANTE &
FREUDENBERGER LLP

692953.1

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ....................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION ................. 2

I.     INTRODUCTION ............................................................................................................. 2

II.    PROCEDURAL BACKGROUND ................................................................................... 3

III.   LEGAL STANDARDS .................................................................................................... 4

      A.    Standard Applicable To Rule 12 Motions ........................................................... 4

      B.    Standard Applicable To Relation-Back Of Claims .............................................. 5

IV.   LEGAL ARGUMENT ..................................................................................................... 6

      A.    Plaintiff Orejel's PAGA Claim Must Be Dismissed Entirely Because He Has Failed To State A Claim Upon Which Relief Can Be Granted, Or In The Alternative, Plaintiffs Must Provide A More Definite Statement .......................................................................................................... 6

      B.    If Plaintiff Orejel's PAGA Claim Is Not Dismissed, The Relation Back Allegations Must Be Stricken Because They Fail As A Matter Of Law, And A More Definite Statement Must Be Provided ................................. 8

            1.    Neither Plaintiffs Mazzei Nor Orejel Had The Ability To Bring A PAGA Claim Upon The Filing Of The Mazzei Complaint On June 27, 2012 ................................................................. 8

                  a.    Plaintiff Mazzei Has No Basis To Bring PAGA Claims Because She Has Failed To Exhaust Her Administrative Remedies ................................................................. 9

                  b.    Plaintiff Mazzei Had No Basis To Bring PAGA Claims Because The Statute Of Limitations Had Expired When She Filed The Mazzei Complaint ............................. 9

                  c.    Plaintiff Orejel Has No Basis To Bring PAGA Claims Running From June 27, 2012 Because He Did Not Allegedly Complete Exhaustion Until February 2013 ................. 10

                  d.    Allowing A PAGA Claim Period Running From June 27, 2012 Would Prejudice Defendants By Giving A Windfall To Orejel And Exposing Defendants To Claims That Are Legally Prohibited ......................................... 10

            2.    Plaintiff Misapplies The "Relation-Back" Doctrine To The PAGA Claims ............................................................................... 11

      C.    Plaintiff Mazzei's Claim For Unpaid Overtime Must Be Dismissed, Stricken, Or In The Alternative, Plaintiffs Must Provide A More Definite Statement ............................................................................................ 12

## **TABLE OF CONTENTS (cont.)**

**Page**

D.   Plaintiff Mazzei's Claim For Meal Period Premium Payments Must Be Dismissed, Stricken, Or In The Alternative, Plaintiffs Must Provide A More Definite Statement ....................................................................... 13

V.   CONCLUSION............................................................................................. 14

692953.1

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Anderson v. District Bd. of Trustees of Central Florida Comm. College*, 77 F.3d 364
    (11th Cir. 1996) ............................................................................................................... 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 4

*Brocksopp Engineering, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485 (E.D. Wi. 1991).......................... 4

*Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575 (N.D. Cal. 1999) ................................. 5

*Day v. Moscow*, 955 F.2d 807 (2nd Cir. 1992)................................................................................. 5

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993)................................................................ 5

*Godlewski v. Affiliated Computer Services, Inc.*, 210 F.R.D. 571 (E.D. Va. 2002) ........................... 4

*Harris v. Vector Mktg. Corp.*, 2010 WL 56179 (N.D. Cal. 2010)......................................... 7

*Helm v. Alderwoods Group, Inc.*, 696 F.Supp.2d 1057 (N.D. Cal. 2009)......................................... 7

*Martinez v. Antique & Salvage Liquidators, Inc.*, 2011 WL 500029 (N.D. Cal. 2011)............... 7, 9

*Miceli v. Ansell, Inc.*, 23 F.Supp.2d 929 (N.D. Ind. 1998)......................................................... 4

*Saxton v. ACF Indus., Inc.*, 254 F.3d 959 (11th Cir. 2001) ........................................................ 5

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035 (9th Cir. 2010)............................... 4

*Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212 (E.D. Cal. 2011)............................................ 5

*Soto v. Castlerock Farming & Trans. Inc.*, 2012 WL 1292519 (E.D. Cal. 2012)........................... 7

*Stagner v. Luxottica Retail N. Am., Inc.*, 2011 WL 3667502 (N.D. Cal. 2011) ............................ 7

*Strom v. United States*, 641 F.3d 1051 (9th Cir. 2011)................................................................ 4

*Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629 (S.D. Cal. 1998)......................................... 4

*Thomas v. Home Depot USA Inc.*, 527 F.Supp.2d 1003 (N.D. Cal. 2007)........................... 7, 9

*Thompson v. Paul*, 657 F.Supp.2d 1113 (D. Az. 2009)................................................................. 4

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010)........................................... 4, 5

**State Cases**

*Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157 (2008) ...................................................... 11

*Barrington v. A.H. Robins Co.*, 39 Cal.3d 146 (1985) ...................................................... 6, 11, 13

*Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365 (2005)................................... 7, 9

Case No.  3:13-cv-02867-TEH
DEFS' MOTION TO DISMISS OR TO STRIKE
PORTIONS OF FAC

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

*Cuadra v. Millan*, 17 Cal.4th 855 (1998) .................................................................. 12

*Goldman v. Wilsey Foods, Inc.*, 216 Cal.App.3d 1085 (1989)................................... 11

*Guenter v. Lomas & Nettleton Co.*, 140 Cal.App.3d 460 (1983) ............................... 11

*Kim v. U.C. Regents*, 80 Cal.App.4th 160 (2000) ......................................................... 6

*Norgart v. Upjohn Co.*, 21 Cal.4th 383 (1999)............................................................. 6

*Samuels v. Mix*, 22 Cal.4th 1 (1999).......................................................................... 12

*Wilson v. People By & Through Dept. of Pub. Works*, 271 Cal.App.2d 665 (1969)...................... 11

**Statutes**

California Business and Professions Code Sections 17200, *et seq.* ................................. 3

California Code of Civil Procedure Section 312 ............................................................ 9

California Code of Civil Procedure Section 338 .......................................................... 12

California Code of Civil Procedure Section 338(a)........................................................ 5

California Code of Civil Procedure Section 340 ....................................................... 7, 9

California Code of Civil Procedure Section 340(a)........................................................ 5

California Labor Code Section 1194 ........................................................................ 3, 7

California Labor Code Section 1197 ........................................................................ 3, 7

California Labor Code Section 1197.1 ..................................................................... 3, 7

California Labor Code Section 1198 .................................................................... 3, 6, 12

California Labor Code Section 201 .......................................................................... 3, 7

California Labor Code Section 202 .......................................................................... 3, 7

California Labor Code Section 203 ............................................................................. 7

California Labor Code Section 204 ............................................................................. 7

California Labor Code Section 226(a)...................................................................... 3, 7

California Labor Code Section 226.7 ................................................................... 3, 7, 13

California Labor Code Section 2699.3 ........................................................................ 9

California Labor Code Section 2699.3(a)(1) ............................................................. 7, 9

Case No.  3:13-cv-02867-TEH
DEFS' MOTION TO DISMISS OR TO STRIKE
PORTIONS OF FAC

692953.1

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

California Labor Code Section 2699.3(a)(2)(A) ............................................................... 9

California Labor Code Section 2699.5 ............................................................................. 9

California Labor Code Section 510 ....................................................................... 3, 6, 12

California Labor Code Section 512 ................................................................................. 7

California Labor Code Section 512(a) ...................................................................... 3, 13

California Labor Code Sections 2698, *et seq.* ......................................................... 2, 3, 6

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 4

Federal Rule of Civil Procedure 12(e) ............................................................................ 5

Federal Rule of Civil Procedure 12(f) ......................................................................... 4, 5

Federal Rule of Civil Procedure 15(c)(1) ....................................................................... 5

Federal Rule of Civil Procedure 15(c)(1)(B) .................................................................. 6

**Other Authorities**

Rylaarsdam et al., Cal. Practice Guide: Civil Procedure Before Trial Statutes of
    Limitations (The Rutter Group 2012) ¶ 8.1 ...................................................... 11

Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group
    2012) ¶ 6:730 ................................................................................................... 11

692953.1

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 19, 2013, at 10:00 a.m. in Courtroom 2, at the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before United States District Judge Thelton E. Henderson, Defendants Regal Entertainment Group, Regal Cinemas, Inc., Edwards Theatres, Inc., San Francisco Theatres, Inc., and United Stonestown Corporation ("Defendants") will bring and hereby bring a motion to dismiss or strike, or in the alternative, for more definite statement, pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), and 12(e).

The basis for this Motion is that Plaintiffs allege both claims and claim periods that they are not legally entitled to pursue.  Specifically, Plaintiff Orejel has failed to state a PAGA claim because he has failed to plead exhaustion of administrative requirements within the statute of limitations.  Accordingly, his PAGA claim must be dismissed.  Alternatively, Plaintiffs should be required to provide a more definite statement pleading PAGA exhaustion within the statute of limitations.  Further, even if Plaintiff Orejel's PAGA claim were to survive, the relation back allegations must be stricken from the pleadings because the PAGA claims cannot relate back to the June 27, 2012 filing of Mazzei's Class Action Complaint ("Mazzei Complaint") and Plaintiffs must provide a more definite statement clarifying that the PAGA claim runs, if at all, from the filing of the complaint originally filed in a separate action by Martin Orejel.  In addition, the Labor Code claims, brought on behalf of Plaintiff Mazzei where her statute of limitations has run and where the new claims are based upon new factual assertions, cannot relate back, and therefore must fail as a matter of law.  Accordingly, they must be dismissed, or stricken from the pleadings, or in the alternative, Plaintiffs must provide a more definite statement describing what claim period Plaintiffs are alleging with regard to each specific factual allegation.

This Motion is based on this Notice, on the Memorandum of Points and Authorities accompanying this Motion, on the pleadings on file with the Court in this case, and on such other arguments or materials as the Court may permit or require before or at the hearing of this Motion.

692953.1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### I. INTRODUCTION

Defendants bring this Motion to dismiss, strike, or in the alternative, for more definite statement in response to Plaintiffs' First Amended Class Action Complaint & Enforcement Under The Private Attorneys General Act, California Labor Code §§ 2698, *et seq.* ("FAC") on grounds that Plaintiffs allege both claims and claim periods that they are not legally entitled to pursue. This case involves allegations of various wage and hour violations on behalf of a putative class of Defendants' non-exempt movie theater employees. This putative class action was originally brought by Plaintiff Kelley Mazzei based on limited legal and factual allegations and was later amended to include expanded putative class claims brought by Plaintiff Martin Orejel. While the arguments made herein appear technical, the question of applicable claims and claim periods must be resolved at the outset of this case to clarify the incoherence of the FAC, which brings numerous claims corresponding to jumbled and imprecise claim periods and proposed subclasses. The FAC must be culled and clarified in order to permit clear and reasonable parameters for Defendants' responsive pleading to the FAC, for appropriate limitations on discovery, and to identify and evaluate the evidence and time period(s) actually at issue in this putative class action involving tens of thousands of putative class members.

Specifically, Plaintiff Orejel has failed to state a PAGA claim because he has failed to plead exhaustion of administrative requirements within the statute of limitations. Accordingly, his PAGA claim must be dismissed. Alternatively, Plaintiffs should be required to provide a more definite statement pleading PAGA exhaustion within the statute of limitations. Further, even if Plaintiff Orejel's PAGA claim were to survive, the relation back allegations must be stricken from the pleadings because the PAGA claims cannot relate back to the June 27, 2012 filing of Mazzei's Class Action Complaint ("Mazzei Complaint"). In addition, the Labor Code claims, brought on behalf of Plaintiff Mazzei where her statute of limitations has run and where the new claims are based upon new factual assertions, cannot relate back, and therefore must fail as a matter of law. Accordingly, they must be dismissed, or stricken from the pleadings, or in the alternative, Plaintiffs must provide a more definite statement describing what claim period Plaintiffs are seeking with

692953.1

1 regard to each specific factual allegation and putative subclass. Accordingly, Defendants seek

2 dismissal of the improperly brought claims, or in the alternative, an order striking the allegations of

3 improper claim periods, or in the alternative, an order for more definite statement delineating the

4 proper applicable claim periods.

## II. PROCEDURAL BACKGROUND

6     On June 27, 2012, Plaintiff Kelley Mazzei brought the Mazzei Complaint in San Francisco

7 County Superior Court, which alleged four causes of action on behalf of a putative class of

8 Defendants' non-exempt employees, for unpaid minimum wages (Cal. Lab. Code §§ 1194, 1197,

9 and 1197.1), wages not timely paid upon termination (Cal. Lab. Code §§ 201 and 202), non-

10 compliant wage statements (Cal. Lab. Code § 226(a)), and violation of California Business and

11 Professions Code Sections §§ 17200, *et seq.* ("Mazzei Action"). All claims brought in the Mazzei

12 Complaint were based on a singular factual allegation, that "due to Defendants' understaffing of its

13 theaters and the volume of customer and related customer service requirement, Plaintiff and class

14 members were required to work through some meal periods, while clocked out, at the request of

15 supervisors, or in order to perform their required customer service duties." Mazzei Compl., ¶ 36.

16     On January 23, 2013, Plaintiff Martin Orejel brought a separate putative class action against

17 Defendants in Los Angeles County Superior Court, Case No. BC499705, ("Orejel Action"),

18 bringing eight causes of action, including the same four causes of action alleged in the Mazzei

19 Complaint, as well as causes of action for unpaid overtime (Cal. Lab. Code §§ 510, 1198), unpaid

20 meal period premiums (Cal. Lab. Code §§ 226.7, 512(a)), unpaid rest period premiums (Cal. Lab.

21 Code § 226.7), and PAGA penalties (Cal. Lab. Code §§ 2698, *et seq.*)

22     The Orejel Action was dismissed without prejudice on June 4, 2013, and on May 31, 2013,

23 Plaintiffs filed the FAC in the Mazzei Action, which added Martin Orejel as an additional plaintiff

24 and alleged new and expanded claims, including a total of eight causes of action, which included

25 the four original causes of action, as well as new causes of action for unpaid overtime (Cal. Lab.

26 Code §§ 510, 1198), unpaid meal period premiums (Cal. Lab. Code §§ 226.7, 512(a)), unpaid rest

27 period premiums (Cal. Lab. Code § 226.7), and PAGA penalties (Cal. Lab. Code §§ 2698, *et seq.*)

28

692953.1

1  (the same four causes of action added in the Orejel Action), as well as expanded factual allegations,

2  discussed in more detail below.

3    According to the allegations in the complaint, Plaintiff Mazzei was employed by

4  Defendants as a non-exempt, hourly paid employee from June 2008 through February 2010 (FAC

5  ¶ 31) and Plaintiff Orejel was employed by Defendants as a non-exempt, hourly paid employee

6  from February 2011 to January 2012 (FAC ¶ 32).

7  **III. LEGAL STANDARDS**

8  **A.**  **Standard Applicable To Rule 12 Motions**

9    Federal Rule of Civil Procedure ("FRCP") 12(b)(6) requires that a complaint state a "claim

10  upon which relief can be granted." A motion to dismiss pursuant to FRCP 12(b)(6) tests the legal

11  sufficiency of a claim stated in the complaint. *Strom v. United States*, 641 F.3d 1051, 1067 n. 17 (9th

12  Cir. 2011). For purposes of Rule 12(b)(6), the "claim" means a set of facts that, if established, entitle

13  the pleader to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court must

14  "dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead

15  sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n v. Hanes*, 181

16  F.R.D. 629, 634 (S.D. Cal. 1998). The motion to dismiss is granted based on the lack of a cognizable

17  legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

18  Where a complaint alleges multiple claims for relief, a Rule 12(b)(6) motion may be directed to less

19  than all of the claims raised. *See Godlewski v. Affiliated Computer Services, Inc.*, 210 F.R.D. 571, 572

20  (E.D. Va. 2002); *Miceli v. Ansell, Inc.*, 23 F.Supp.2d 929 (N.D. Ind. 1998); *Brocksopp Engineering,*

21  *Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486 (E.D. Wi. 1991).

22    By contrast, where a party challenges certain allegations within a claim, the challenge is

23  properly brought as a motion to strike under FRCP 12(f), which authorizes the court to "strike from a

24  pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

25  *Thompson v. Paul*, 657 F.Supp.2d 1113, 1129 (D. Az. 2009). The function of Rule 12(f) is "to

26  avoid the expenditure of time and money that must arise from litigating spurious issues by

27  dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970,

28  973 (9th Cir. 2010). As such, a motion to strike is appropriate where it "will make trial less

1    complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the

2    issues." *Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011).

3    Accordingly, a motion to strike is the primary method of reaching defects to a pleading that cannot

4    be addressed by a motion to dismiss. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.

5    1993), *(rev'd on other grounds in Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 91994); *Day v.*

6    *Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992) (Rule 12(f) designed for excising material from

7    pleadings, not for dismissal of claims in their entirety); *Whittlestone, Inc.*, 618 F.3d at 974 (same).

8           Finally, a motion for more definite statement is authorized by FRCP 12(e) and allows a

9    party to "move for a more definite statement of a pleading to which a responsive pleading is

10   allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

11   It is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the

12   claim being asserted. *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal.

13   1999).  Furthermore, where a plaintiff brings a lengthy and ambiguous "shotgun" complaint, it is

14   proper for a defendant to seek a more definite statement, and indeed, in such situations, the court

15   should even seek a more definite statement *sua sponte*.  *Anderson v. District Bd. of Trustees of*

16   *Central Florida Comm. College*, 77 F.3d 364, 366-367 n. 5 (11th Cir. 1996).

17   **B.        Standard Applicable To Relation-Back Of Claims**

18          Pursuant to FRCP 15(c)(1), "[a]n amendment to a pleading relates back to the date of the

19   original pleading when: (A) the law that provides the applicable statute of limitations allows

20   relation back; (B) the amendment asserts a claim or defense that arose out of the conduct,

21   transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the

22   amendment changes the party or the naming of the party against whom a claim is asserted."  The

23   FAC does not change the parties against whom the claims are asserted, therefore, section (C) of

24   FRCP 15(c)(1) does not apply.  Pursuant to section (A), "Rule 15(c)(1) incorporates the relation-

25   back rules of the law of a state when that state's law provides the applicable statute of limitations."

26   *Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 962-63 (11th Cir. 2001).  Therefore, because California

27   law provides a statute of limitations on all of the claims alleged in Plaintiffs' FAC, California law

28   controls any relation back of Plaintiffs' claims.  *See* Cal. Code Civ. Proc. §§ 338(a), 340(a).

Case No.  3:13-cv-02867-TEH
DEFS' MOTION TO DISMISS OR TO STRIKE
PORTIONS OF FAC

1   Under California law, an amended complaint that alleges new causes of action may "relate

2   back" to the original complaint only when the new cause of action is (1) based on the "same

3   general set of facts" as those in the original complaint, (2) seeks recovery against the same

4   defendants for the "same injuries" as alleged in the original complaint; and (3) refers to the "same

5   incident" as alleged in the original complaint. *Barrington v. A.H. Robins Co.*, 39 Cal.3d 146, 151

6   (1985); *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 408–409 (1999). The new cause of action must be

7   based upon the *same operative facts*—those creating the right to recovery—alleged in the original

8   complaint. *Barrington*, 39 Cal.3d at 154. "[W]hen a complaint is amended to allege a new cause

9   of action based on different operative facts, the new cause of action is different in nature from any

10   cause of action contained in the earlier complaint, and hence does not relate back." *Id.* For

11   example, in *Kim v. U.C. Regents*, 80 Cal.App.4th 160, 169 (2000), an employee's original

12   complaint charged the employer with contract breach and overtime pay violations. After the statute

13   of limitations had run, the employee sought to add a claim for age discrimination under FEHA.

14   The amendment was not allowed because the discrimination claim "did not arise out of the same

15   set of facts" that supported the contractual and overtime claims. *Kim*, 80 Cal.App.4th at 169.

16   Here, Plaintiff Mazzei only brought one limited factual assertion in the original Mazzei

17   Complaint. Like in *Kim*, to the extent that Plaintiffs seek to add claims that do not arise out of this

18   factual assertion, they may not relate their new claims back to the original complaint.[1]

## IV.  LEGAL ARGUMENT

20   **A.**   **Plaintiff Orejel's PAGA Claim Must Be Dismissed Entirely Because He Has Failed To**

21   **State A Claim Upon Which Relief Can Be Granted, Or In The Alternative, Plaintiffs**

22   **Must Provide A More Definite Statement.**

23   Plaintiff Orejel brings the seventh cause of action under California Labor Code § 2698

24   (PAGA) on behalf of Orejel and other aggrieved employees for penalties based on allegations that

25   Orejel and other aggrieved employees suffered violations of (1) Labor Code sections 510 and 1198

26

27   [1] Even if Rule 15(c)(1)(B) were applied, Plaintiffs cannot meet the federal standard for relation back where the new claims do not arise out of the same factual assertions.

28

692953.1

1   for failure to compensate all overtime pay and for failure to pay reporting time pay, (2) Labor Code

2   sections 1194, 1197, and 1197.1 for failure to compensate all minimum wages, (3) Labor Code

3   sections 226.7 and 512 for failure to pay premium wages for missed meal and rest periods, (4)

4   Labor Code sections 201-203 for failure to timely pay all wages earned upon discharge; (5) Labor

5   Code section 204 for failure to pay all wages owed during employment, and (6) Labor Code section

6   226(a) for failure to provide accurate wage statements, all allegedly running from the filing of the

7   Mazzei Complaint. FAC ¶¶ 53-58, 103, 106. Plaintiff Orejel has failed to state a PAGA claim

8   because he has failed to plead exhaustion of administrative requirements within the statute of

9   limitations.

10        In order to bring a claim under PAGA, an aggrieved employee must "give written notice by

11   certified mail to the Labor and Workforce Development Agency and the employer of the specific

12   provisions of [the] code alleged to have been violated, including the facts and theories to support

13   the alleged violation." Cal. Lab. Code § 2699.3(a)(1). Because the statute of limitations for PAGA

14   claims is one year (*See* Cal. Code Civ. Proc. § 340; *Thomas v. Home Depot USA Inc.*, 527

15   F.Supp.2d 1003, 1007 (N.D. Cal. 2007); *Soto v. Castlerock Farming & Trans. Inc.*, 2012 WL

16   1292519, *4-5 (E.D. Cal. 2012)), the notice to the LWDA must be made before the one-year statute

17   of limitations runs. *Soto*, 2012 WL 1292519, at *5-6; *Martinez v. Antique & Salvage Liquidators,*

18   *Inc.*, 2011 WL 500029 (N.D. Cal. 2011); *Harris v. Vector Mktg. Corp.*, 2010 WL 56179, *3 (N.D.

19   Cal. 2010). A plaintiff's failure to comply with these exhaustion requirements requires dismissal of

20   the claim. *Stagner v. Luxottica Retail N. Am., Inc.*, 2011 WL 3667502 (N.D. Cal. 2011). Further,

21   the plaintiff must *plead* proper exhaustion to state a claim for PAGA penalties. *Caliber*

22   *Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365 (2005); *see also Helm v. Alderwoods*

23   *Group, Inc.*, 696 F.Supp.2d 1057 (N.D. Cal. 2009).

24        Here, Plaintiff Orejel fails to plead proper exhaustion. He vaguely alleges that his

25   employment with Defendants ended in "January 2012." *See* FAC, ¶ 32. He then alleges that he

26   provided notice to the LWDA on January 14, 2013. *See* FAC, ¶¶ 50-51. In a move that is

27   obviously intentionally contrived to fit Plaintiff Orejel's PAGA claim within the statute of

28   limitations, Plaintiff Orejel fails entirely to specify the date upon which his employment with

1  Defendants ended.  Further, he fails to specify if January 14, 2013 is the date upon which the

2  LWDA letter was sent or received.  Because Plaintiff Orejel has not alleged a specific termination

3  date or date of receipt of the LWDA letter, based purely on the allegations of the FAC, if Orejel's

4  employment ended before January 14, 2012, the PAGA claim, as pled, is barred by the statute of

5  limitations. Because it is not clear from the FAC that Plaintiff Orejel brought notice to the LWDA

6  within the one-year statute of limitations, he has failed to state a claim for PAGA penalties, and his

7  claim should be dismissed.  Alternatively, at a minimum, Plaintiffs should be required to provide a

8  more definite statement pleading PAGA exhaustion within the statute of limitations.

9  **B.**    **If Plaintiff Orejel's PAGA Claim Is Not Dismissed, The Relation Back Allegations**

10      **Must Be Stricken Because They Fail As A Matter Of Law, And A More Definite**

11      **Statement Must Be Provided.**

12      Even if Plaintiff Orejel's PAGA claim is not dismissed entirely, as it should be, it cannot

13  relate back from the filing of the Mazzei Complaint.  Accordingly, if the entire PAGA claim is not

14  dismissed, all relation back allegations in the FAC, contained at paragraphs 53-58, must be stricken

15  and Plaintiffs must provide a more definite statement clarifying that the PAGA claim runs from the

16  filing of the complaint in the Orejel Action.

17      Plaintiffs' attempt to run the PAGA claim period back from the June 27, 2012 filing of the

18  Mazzei Complaint is improper because there is no legal basis for a PAGA claim asserted by either

19  Mazzei or Orejel that runs from that date.  As of June 27, 2012, Mazzei had not (and still has not)

20  exhausted her administrative remedies, and therefore could not properly plead PAGA at that time.

21  Furthermore, the statute of limitations had already run on her PAGA claim when she brought her

22  original complaint and she therefore had no legal basis to bring it.  Conversely, Orejel possibly had

23  the ability to bring a PAGA claim, if at all, only after he exhausted his administrative remedies in

24  January 2013.  Therefore, neither Plaintiff had the ability to bring a PAGA claim on June 27, 2012

25  and they cannot pursue PAGA penalties running from that date.  By seeking to obtain the benefit of

26  the June 27, 2012 filing date, Plaintiffs seeks a windfall of a recovery period that neither Mazzei

27  nor Orejel could have obtained individually.

28      **1.**    **Neither Plaintiffs Mazzei Nor Orejel Had The Ability To Bring A PAGA Claim**

692953.1

1    **Upon The Filing Of The Mazzei Complaint On June 27, 2012.**

2        a.    **Plaintiff Mazzei Has No Basis To Bring PAGA Claims Because She Has**

3        **Failed To Exhaust Her Administrative Remedies.**

4        A party bringing a claim under PAGA must comply with PAGA's exhaustion requirements.

5    Cal. Lab. Code § 2699.3. A failure to comply with these exhaustion requirements is fatal to PAGA

6    claims. *Caliber Bodyworks, Inc*, 134 Cal.App.4th at 381. To exhaust an action for civil penalties

7    based on violation of statutes listed in Cal. Lab. Code § 2699.5, as Plaintiffs seek to do here, a

8    plaintiff must provide written notice to both the LWDA and the employer by certified mail, with

9    notice of the facts and theories to support the alleged violations. Cal. Lab. Code § 2699.3(a)(1).

10   After receiving the employee's notice, the LWDA has 33 calendar days to notify the employee and

11   employer of whether it intends to investigate the allegations. If the LWDA does not send notice

12   within that time period, the employee may file suit. Cal. Lab. Code § 2699.3(a)(2)(A). In the

13   present case, Plaintiff Mazzei did not exhaust her administrative remedies pursuant to PAGA

14   before filing the Mazzei Complaint (and still has not) and therefore could not properly bring a

15   PAGA claim at that time, or at any time thereafter.

16       b.    **Plaintiff Mazzei Had No Basis To Bring PAGA Claims Because The**

17       **Statute Of Limitations Had Expired When She Filed The Mazzei**

18       **Complaint.**

19       In addition to Mazzei's failure to exhaust her administrative remedies, the statute of

20   limitations on PAGA claims had already expired when Mazzei brought her original complaint,

21   rendering any PAGA claims by Mazzei time barred. A claim may not be brought after the statute

22   of limitations has run. *See* Cal. Code Civ. Proc. § 312. The statute of limitations on a PAGA claim

23   is one year. Cal. Code Civ. Proc. § 340. Courts strictly construe this limitations period. *See* Cal.

24   Lab. Code § 2699.3; *Thomas*, 527 F.Supp.2d at 1007-1008. While this period may be tolled during

25   the exhaustion process, which begins with notice to the LWDA, notice to the LWDA must be

26   provided within the one year period. *Martinez*, 2011 WL 500029 at *9.

27       Plaintiff Mazzei has alleged in the FAC that she was employed by Defendants until

28   February 2010. FAC, ¶ 31. Therefore, by the time the Mazzei Complaint was filed on June 27,

1  2012, nearly two and a half years had passed since the termination of her employment and the

2  statute of limitations had expired.

3         **c.**  **Plaintiff Orejel Has No Basis To Bring PAGA Claims Running From**

4             **June 27, 2012 Because He Did Not Allegedly Complete Exhaustion Until**

5             **February 2013.**

6        According to the FAC, Orejel allegedly commenced PAGA's exhaustion procedures on

7  January 14, 2013.  FAC, ¶ 50. Orejel then brought the Orejel Action alleging PAGA claims on

8  January 23, 2013.  Therefore, on the basis of the allegations in the FAC, Orejel was only eligible to

9  bring a PAGA claim, if at all, once the 33 day notice period from the LWDA letter expired in

10  February 2013 (*See* FAC ¶ 52), and the claim period would have run back one year from the filing

11  of the complaint in the Orejel Action.  Accordingly, Plaintiff Orejel has no basis to bring a PAGA

12  claim running from June 27, 2012 and cannot be allowed to do so simply because he seeks to add

13  his claims to Plaintiff Mazzei's, particularly when she is precluded from pursuing a PAGA claim.

14         **d.**  **Allowing A PAGA Claim Period Running From June 27, 2012 Would**

15             **Prejudice Defendants By Giving A Windfall To Orejel And Exposing**

16             **Defendants To Claims That Are Legally Prohibited.**

17        As explained above, Plaintiffs combined the Orejel and Mazzei actions on May 31, 2013

18  with their FAC.  Plaintiffs attempt to manipulate the judicial system's interest in judicial economy

19  by obtaining a windfall from consolidating these two actions.  Orejel and Mazzei should not be

20  allowed to prejudice Defendants and obtain a windfall from combining these two cases by

21  obtaining a claims period that neither of them would be entitled to pursue had their claims

22  proceeded in two separate actions.

23        If this Court were to allow the PAGA claim period to run from June 27, 2012, Orejel would

24  obtain the benefit of a claim period that he is statutorily prohibited from seeking.  By seeking to

25  obtain a claim period running back one year from June 27, 2012, he obtains the potential to recover

26  approximately seven additional months of PAGA penalties from Defendants, to say nothing of the

27  penalties he might seek to recover for other allegedly aggrieved employees during that period.

28  Allowing Orejel to pursue the earlier claim period will significantly prejudice Defendants by

692953.1

1   subjecting them to liability exposure on a claims period that Orejel is legally prohibited from

2   seeking.  Orejel should not be able to obtain a windfall through the combined action by procuring a

3   PAGA claims period that he would not be statutorily allowed to pursue through his own action.

4           **2.**     **Plaintiff Misapplies The "Relation-Back" Doctrine To The PAGA Claims.**

5         Plaintiff pleads that PAGA claims should be added under the "relation-back" doctrine. *See*

6   FAC ¶¶ 53-58.  However, Plaintiff misapplies the "relation back" doctrine since it is not applicable

7   here.  "Relation back" is a doctrine that determines the proper time of commencement of a claim

8   for purposes of avoiding a statute of limitations bar to bringing that claim. *Barrington*, 39 Cal.3d at

9   150 (1985); Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group

10  2012) ¶ 6:730.  "Relation back" allows a Plaintiff, in some circumstances, to bring a claim that is

11  otherwise time barred by reaching back in time and using the filing date of a claim that was

12  previously asserted before the statute of limitations had run. *See Rylaarsdam et al., Cal. Practice*

13  *Guide: Civil Procedure Before Trial Statutes of Limitations (The Rutter Group 2012) ¶ 8.1.*  Thus,

14  the doctrine allows time barred claims to relate back only to the filing date of claims that were

15  justiciably asserted. *See Wilson v. People By & Through Dept. of Pub. Works*, 271 Cal.App.2d

16  665, 669 (1969) ("A subsequent pleading which sets out the subsequent performance of a statutory

17  condition precedent to suit cannot relate the time of performance of the condition back to the time

18  of the filing of the original complaint and thereby toll the running of the period of limitation, since

19  the rule of relation back does not operate to assign the performance of a condition precedent to a

20  date prior to its actual occurrence.")

21        Plaintiffs seek to do precisely what *Wilson* prohibits by seeking to obtain the benefit of a

22  filing date for a claim that was not and could not have been justiciably brought in the first place.

23  Plaintiffs use "relation back" not simply to argue for bringing Orejel's alleged PAGA claim, but to

24  gain access to a claim period that both Plaintiffs are statutorily prohibited from asserting.  Case law

25  supporting "relation back" deals with relation back of time barred claims to another claim that was

26  asserted before the statute of limitations had run. *See Amaral v. Cintas Corp. No. 2*, 163

27  Cal.App.4th 1157, 1199-1200 (2008); *Guenter v. Lomas & Nettleton Co.*, 140 Cal.App.3d 460,

28  468-469 (1983); *Goldman v. Wilsey Foods, Inc.*, 216 Cal.App.3d 1085 (1989).  None of these cases

1   deal with the present situation, *i.e.*, where a new plaintiff whose claim is allegedly not time barred

2   (at least as alleged), seeks to relate said claim back to an earlier-filed complaint by another plaintiff

3   in which the same claim would have been time barred.  What Plaintiffs seek to do is clearly not

4   "relation back," and there is no support for their novel proposition.  What Plaintiffs are actually

5   seeking is to be relieved of the statutory prerequisites of pursuing a PAGA claim by asking the

6   Court to ignore that those prerequisites were not met.

7           Accordingly, the allegations of relation back, at paragraphs 53-58 of the FAC, must be

8   stricken from the pleadings and Plaintiffs must provide a more definite statement clarifying that the

9   PAGA claim runs, if at all, from the filing of the complaint in the Orejel Action.

10  **C.    Plaintiff Mazzei's Claim For Unpaid Overtime Must Be Dismissed, Stricken, Or In**

11  **The Alternative, Plaintiffs Must Provide A More Definite Statement.**

12          Plaintiffs' first cause of action under California Labor Code §§ 510 and 1198 is brought on

13  behalf of "Plaintiffs", *i.e.*, both Mazzei and Orejel, for unpaid overtime based on factual allegations

14  that Mazzei, Orejel, and putative class members incurred overtime when they were required to

15  work through meal periods while clocked out.  FAC ¶¶ 59, 64.  Plaintiff Mazzei's new overtime

16  claim is premised upon a new factual allegation, *i.e.*, requiring Mazzei to work through meal

17  periods while clocked out *caused her to incur unpaid overtime*, as opposed to unpaid minimum

18  wages only.  Therefore, Plaintiff Mazzei's overtime claim must fail, as a matter of law, because the

19  statute of limitations had already expired on her claim when she brought it for the first time in the

20  FAC.  Because Mazzei's claim is time barred, it must be dismissed.

21          The statute of limitations on a Labor Code claim is three years.  Cal. Code Civ. Proc. § 338;

22  *Cuadra v. Millan*, 17 Cal.4th 855, 859 (1998) (disapproved on other grounds  by *Samuels v. Mix*,

23  22 Cal.4th 1 (1999)).  According to allegations in the FAC, Plaintiff Mazzei was employed by

24  Defendants until February 2010.  Therefore, the statute of limitations expired on her ability to bring

25  new Labor Code claims in February 2013.  Accordingly, Plaintiff Mazzei cannot bring new Labor

26  Code claims unless they "relate back."  As described above, a claim may not "relate back" to an

27  earlier complaint if the new cause of action is not based on the "same general set of facts" as those

28  in the original complaint.  The same general facts are those specific operative facts giving rise to

1    the claims in the earlier complaint.  *See Barrington*, 39 Cal.3d at 154.  The only factual allegation

2    in the Mazzei Complaint is that Plaintiff Mazzei incurred *unpaid minimum wages* when she worked

3    during her meal break while clocked out as a result of alleged "understaffing."  *See* Mazzei Compl.

4    ¶ 36.  Accordingly, any new claims must be based on this limited factual allegation.  Plaintiff's

5    proposed allegation that working during her meal break *caused her to incur overtime wages* is a

6    new fact that was not previously alleged.  The Mazzei Complaint is completely devoid of any

7    reference to overtime.  Because the overtime claim is based on a new factual allegation, it cannot

8    relate back and Plaintiff Mazzei is time barred from bringing it.  Accordingly, Plaintiff Mazzei's

9    claim for overtime in the first cause of action must be dismissed, or in the alternative, any reference

10   to "Plaintiffs" bringing this claim must be stricken and limited to Plaintiff Orejel only.

11   Alternatively, Plaintiffs must provide a more definite statement clarifying that the first cause of

12   action is only brought on behalf of Plaintiff Orejel and runs from the filing of the Orejel Action.

13   **D.    Plaintiff Mazzei's Claim For Meal Period Premium Payments Must Be Dismissed,**

14   **Stricken, Or In The Alternative, Plaintiffs Must Provide A More Definite Statement.**

15            Plaintiffs' third cause of action under California Labor Code §§ 226.7 and 512(a) is brought

16   on behalf of "Plaintiffs", *i.e.*, both Mazzei and Orejel, for meal period premium payments based on

17   allegations that Mazzei, Orejel and putative class members were (1) required to work through some

18   meal periods while clocked out, (2) required to work shifts not longer than six hours, and did not

19   waive their meal periods, and were required to work for a period of more than five hours without a

20   meal period of not less than 30 minutes, and (3) required to work over 10 hours in one day without

21   a second meal period.  FAC ¶¶  79-80.  Furthermore, Plaintiffs allege these allegations "during the

22   relevant time period," but do not define the term "relevant time period." *See* FAC ¶¶  79-80.  To the

23   extent that this claim is brought on behalf of Mazzei and Orejel and is based on allegation (1),

24   Defendants do not attack that claim here.  However, Defendants challenge this cause of action to

25   the extent that it is brought on behalf of Plaintiff Mazzei, is based on allegations (2) and (3), and

26   seeks to run from the filing of the Mazzei Complaint.

27            As explained above, the statute of limitations expired on Plaintiff Mazzei's ability to bring

28   new Labor Code claims in February 2013.  To the extent this claim is challenged, it fails as a

13

692953.1

1  matter of law because it is based upon on new factual allegations, *i.e.*, that Plaintiff Mazzei was

2  required to work shifts not longer than six hours, did not waive meal periods, and was required to

3  work for a period of more than five hours without a meal period of not less than 30 minutes as well

4  as required to work over 10 hours in one day without a second meal period. Because the statute of

5  limitations ran on Plaintiff Mazzei's Labor Code claims before the filing of the FAC, such new

6  claims are time barred. Accordingly, Defendants seek dismissal of the meal period premium

7  payments claim to the extent that it is brought on behalf of Plaintiff Mazzei, is based on allegations

8  (2) and (3), and seeks to run from the filing of the Mazzei Complaint.

9       Alternatively, any reference to "Plaintiffs" bringing this claim on grounds (2) or (3) must be

10 stricken and limited to Plaintiff Orejel only. Alternatively, Plaintiffs must provide a more definite

11 statement clarifying that the third cause of action is only brought on behalf of Plaintiff Orejel and

12 runs from the filing of the Orejel Action to the extent it is based on allegations (2) and (3).

13                                    **V. CONCLUSION**

14      For the foregoing reasons, Defendants request that this Court:

15      1. Dismiss Plaintiff Mazzei's claim for overtime in the first cause of action, or in the

16 alternative, any reference to "Plaintiffs" bringing this claim must be stricken and limited to Plaintiff

17 Orejel only. Alternatively, Plaintiffs must provide a more definite statement clarifying that the first

18 cause of action is only brought on behalf of Plaintiff Orejel and runs from the filing of the Orejel

19 Action;

20      2. Dismiss the meal period premium payments claim in the third cause of action to the

21 extent that it is brought on behalf of Plaintiff Mazzei, is based on allegations that Plaintiff Mazzei

22 was required to work shifts not longer than six hours and did not waive meal periods, was required

23 to work for a period of more than five hours without a meal period of not less than 30 minutes, and

24 was required to work over 10 hours in one day without a second meal period, and seeking to run

25 from the filing of the Mazzei Complaint. Alternatively, any reference to "Plaintiffs" bringing this

26 claim on these grounds must be stricken and limited to Plaintiff Orejel only. Alternatively,

27 Plaintiffs must provide a more definite statement clarifying that the third cause of action is only

28

692953.1

1  brought on behalf of Plaintiff Orejel and runs from the filing of the Orejel Action to the extent it is

2  based on these allegations;

3      3. Dismiss the seventh cause of action for PAGA penalties.  Alternatively, Plaintiffs should

4  be required to provide a more definite statement pleading PAGA exhaustion within the statute of

5  limitations;

6      4. Strike the allegations of relation back, at paragraphs 53-58 of the FAC, from the

7  pleadings and Plaintiffs must provide a more definite statement clarifying that the PAGA claim

8  runs from the filing of the complaint in the Orejel Action; and

9      5. Amend all allegations regarding putative subclasses, claims, and causes of action to

10  reflect the appropriate dates and time periods for potential recovery, in light of the issues addressed

11  herein.

12              Respectfully Submitted,

13

14  Dated:  June 27, 2013           CAROTHERS DISANTE & FREUDENBERGER LLP

15

16

17                 By:  /s/M. Leah Cameron
                  M. Leah Cameron
            Attorneys for Defendants

18              REGAL ENTERTAINMENT GROUP, REGAL CINEMAS,
            INC., EDWARDS THEATRES, INC., SAN FRANCISCO

19              THEATRES, INC., and UNITED STONESTOWN
            CORPORATION

20

21

22

23

24

25

26

27

28

Case No.  3:13-cv-02867-TEH
DEFS' MOTION TO DISMISS OR TO STRIKE
PORTIONS OF FAC

692953.1