O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV 13-1284-DOC (AGRx)            Date: December 13, 2013

Title: KELLEY MAZZEI AND MARTIN OREJEL V. REGAL ENTERTAINMENT GROUP, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDING (IN CHAMBERS):**    **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Before the Court is a Motion to Dismiss ("Motion") filed by Defendants Regal Entertainment Group, et al. ("Defendants"). (Dkt. 10). After considering the moving and the opposing papers, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.[1]

### I. Background

The Court draws the following facts from the Plaintiffs' First Amended Complaint ("FAC") (Dkt. 1-9).

     **a. The Original Complaint**

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.

1

On June 27, 2012, Kelley Mazzei ("Mazzei") filed a complaint (the "Original Complaint," "Compl.") in San Francisco Superior Court on behalf of a putative class of individuals employed by Defendants Regal Entertainment Group, Regal Cinemas, Inc., Edwards Theaters, Inc., San Francisco Theaters, Inc., and United Stonestown Corporation ("Defendants").  *Kelley Mazzei v. Regal Entm't Grp., et al.*, Case No. CGC-12-521910 (S.F. Super. Ct.).  From June 2008 to February 2010, Defendants employed Mazzei as a non-exempt, hourly paid "Concession Stand Usher" at Defendants' Irvine business location.  FAC ¶ 31 ("FAC").  Mazzei alleged four causes of action against Defendants: (1) California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (2) California Labor Code §§ 201 and 202 (wages not timely paid upon termination); (3) California Labor Code § 226(a) (non-compliant wage statements); and (4) Violation of California Business and Professions Code § 17200.  Compl. at 8-11.

### b. The Orejel Complaint

On January 23, 2013, Martin Orejel filed a separate complaint (the "Orejel Complaint") on behalf of a putative class against Defendants in Los Angeles County Superior Court.  *Martin Orejel v. Regal Cinemas, Inc.*, Case No. BC-499705 (L.A. Super. Ct.).  Defendants employed Orejel as a non-exempt, hourly "crew member" from February 2011 to January 2012 at Defendants' Los Angeles business location.  *Id.* ¶ 32.  In addition to the same four causes of action alleged by Mazzei, Orejel alleged causes of action for: (1) California Labor Code §§ 510 and 1198 (unpaid overtime); (2) California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3) California Labor Code § 227.7 (unpaid rest period premiums); and (4) the Private Attorney General Act ("PAGA"), California Labor Code § 2698.  On June 4, 2013, the Los Angeles Superior Court dismissed Orejel's action.

### c. The First Amended Complaint

On May 31, 2013, Mazzei filed the FAC in San Francisco Superior Court.  The FAC adds Orejel as a representative plaintiff and states eight causes of action: (1) California Labor Code §§ 510 and 1198 (unpaid overtime); (2) California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages);  (3) California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (4) California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (5) California Labor Code §§ 201 and 202 (wages not timely paid upon termination); (6) California Labor Code § 226(a) (non-compliant wage statements); (7) California Labor Code § 2698 (PAGA); and (8) California Business and Professions Code Sections 17200.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the complaint must be dismissed when Plaintiffs' allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; Plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true Plaintiffs' well-pled factual allegations and construes all factual inferences in the light most favorable to the Plaintiffs. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Federal Rule of Civil Procedure 15(a)(2) states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

A complaint may be dismissed under Rule 12(b)(6) based on the statute of limitations only under certain circumstances. "If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). If the trial court is willing to consider information outside of the complaint, by affidavits accompanying the motion to dismiss. *Id.* If a motion to dismiss is premised on the statute of limitations, however, it may only be granted if the facts alleged in the complaint "would not permit the plaintiff to prove that the statute was tolled." *Id.*; *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011); *Theranos, Inc. v. Fuisz Pharma LLC*, 876 F. Supp. 2d 1123, 1129 (N.D. Cal. 2012).

### III. Discussion

#### a. Whether Plaintiffs Sufficiently Pled PAGA Exhaustion

##### i. PAGA's Administrative Requirements

In 2003, California adopted PAGA to allow individual plaintiffs "to bring a civil action to collect civil penalties for Labor Code violations previously only available in enforcement actions initiated by the State's labor law enforcement agencies." *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 374 (2005); *see* Cal. Lab. Code § 2699(a); *Urbino v. Orkin Serv. of Cal., Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013). To claim PAGA penalties, however, a plaintiff must exhaust the administrative procedures set out in Labor Code § 2699.3. *Caliber*, 134 Cal. App. 4th at 375-76. This includes giving written notice to the California Labor and Workforce Development

Agency ("LWDA") and the defendants via certified mail. Cal. Lab. Code § 2699(a)(1). After the LWDA responds that it will not prosecute the action, or after 33 days without notice from the LWDA, the plaintiff may file suit. *Id.* § 2699(a)(2)(A). To properly introduce a PAGA cause of action, a party must plead compliance with the pre-filing notice and exhaustion requirements. *See Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003 (N.D. Cal. 2007).

PAGA claims are also restricted by a one-year statute of limitations. *See* Cal. Code Civ. Proc. § 340(a); *Baas v. Dollar Tree Stores*, 2009 WL 1765759, at * 5 (N.D. Cal. Jun. 18, 2009); *Thomas*, 527 F. Supp. 2d at 1007. However, PAGA exempts the administrative exhaustion time periods from the limitations period. *See* Cal. Lab. Code § 2699(d) ("The periods specified in this section are not counted as part of the time limited for the commencement of the civil action to recover penalties under this part."). To qualify for penalties under PAGA, then, Plaintiffs must file their complaint within one year of the termination of their employment, or at a minimum send their notice letter before the year ends. *See* Lab. Code § 2699.3; *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1156 (N.D. Cal. 2010) ("a cause of action . . . accrues when under the substantive law the wrongful act is done and the liability or obligation arises."); *Baas,* 2009 WL 1765759, at *5.

### ii. Analysis

Defendants argue that the FAC fails to state a PAGA claim because it does not sufficiently allege compliance with PAGA's administrative requirements. Specifically, Defendants claim that the FAC fails to show that Orejel mailed his letter within the one year limitations period, and that his claims are thus time-barred. Mot. at 7-8. The FAC alleges that Orejel's employment ended in "January 2012," and that Orejel mailed his PAGA notification letter on January 14, 2013. Compl. ¶ 32. Defendants cite *Caliber*, 134 Cal. App. 4th at 374, to argue that failing to allege Orejel's exact termination day is a failure to sufficiently plead a PAGA claim. Mot. at 2.

In their Opposition and attached declaration, Plaintiffs claim that Orejel was terminated on "January 17, 2011." *See* Opp'n at 2; Den Bleyker Decl. ¶ 6. This appears to be inaccurate, as a 2011 termination date would put Mr. Orejel well outside the PAGA limitations period and directly conflicts with the FAC. The Court also generally cannot consider information outside the complaint to decide a 12(b)(6) motion. *See Broam v. Bogan*, 320 F.3d 1023, 1026 (9th Cir. 2003) (quoting *Schneider v. Cal. Dep't. of Corr.,* 151 F.3d 1194, 1197 n. 1 (9th Cir.1998)) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Regardless, the Court finds that Orejel sufficiently pled PAGA compliance for the purposes of a 12(b)(6) motion. It is not evident on the face of the FAC that Plaintiffs cannot show that Orejel mailed his letter within the appropriate statutory period. These

4

allegations certainly "permit the plaintiff[s] to prove" that the letter mailed on January 14, 2013 was sent within one year of a termination date in "January 2012." *See Cervantes*, 656 F.3d at 1034. The allegations of the FAC are thus sufficient to plead PAGA exhaustion compliance.

### b. Whether the PAGA Claim Relates Back

Defendants argue that Plaintiffs lack any legal basis to bring a PAGA claim that runs from the filing date of the Original Complaint because Mazzei never filed the requisite pre-filing notice within the one-year statute of limitations. Defendants argue that relating back Orejel's PAGA claim to the Original Complaint will give Plaintiffs a windfall that Mazzei is statutorily prohibited from claiming. Plaintiffs respond that Orejel's PAGA compliance relates back to the date of the Original Complaint.

### i. Relation Back and PAGA

The relation-back doctrine determines the date an action commences for purposes of the statute of limitations. *See Barrington v. A.H. Robins Co.*, 39 Cal. 3d. 146, 150 (1985). The doctrine "ameliorate[s] the effect" of a limitations period that would ordinarily bar a claim. 6A Fed. Prac. & Proc. Civ. §1497 (3d ed. 2013). "[A]n amended complaint is not barred by the statute of limitations . . . if the amended complaint relates back to a *timely* original complaint." *Id*.

Neither party identifies a case addressing the particular issue of relating back PAGA exhaustion, nor has the Court located one. Other courts have held that a PAGA claim cannot relate back to an initial complaint when the claim is time-barred under the statute of limitations, however. *See Harris v. Vector Marketing Corp.*, 2010 WL 56179, at *3 (N.D. Cal. Jan. 5, 2010) (holding that a plaintiff who alleged PAGA in her original complaint but did not satisfy the notice requirements within the limitations period could not relate back PAGA claims after mailing notice outside the limitations period); *Baas*, 2009 WL 1765759, at *5 (N.D. Cal. June 18, 2009) (plaintiff cannot amend complaint to include PAGA claims where notice was not sent within limitations period); *Moreno v. Autozone, Inc.*, 2007 WL 1650942, at *4 (N.D. Cal. Jun. 5, 2007) (same). These courts consistently rely on the reasoning of *Wilson*, which the Court also finds relevant in this case. *See Wilson v. People By & Through Dep't of Pub. Works*, 271 Cal. App. 2d 665, 669 (1969).

In *Wilson*, the plaintiff filed suit against two non-state defendants for personal injury damages. *Id*. The plaintiff subsequently sought to add a claim against the state under the California Tort Claims Act for related damages. The court relieved plaintiff of responsibility to send the state a written claim, which was a prerequisite to filing claims against the state. However, the statute required plaintiff to file suit against the state within thirty days of the court order. The plaintiff failed to file within thirty days, but argued that her claims related back and so survived. *Id*. at 667. The court held that the

5

relation-back argument did not apply because the plaintiff's original complaint "failed to allege what it could not in fact allege–compliance with the statutory procedure for the presentation of a claim as a prerequisite to an action for damages against the State of California." *Id*. at 668. The court reasoned that the act of satisfying a condition precedent could not relate back to an original complaint, writing:

> A subsequent pleading which sets out the subsequent performance of a condition precedent to suit cannot relate the time of performance of the condition back to the time of the filing of the original complaint and thereby toll the running of the period of limitation . . . the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence.

*Id*.; *accord Temple v. Guardsmark LLC*, 2011 WL 723611, at *8 (N.D. Cal. Oct. 9, 2011); *Harris*, 2010 WL 56179, at *3; *Moreno*, 2007 WL 1650942, at *2.

### ii. Analysis

The principles set out in the case law bar relating Orejel's PAGA claims back to the date of the Original Complaint. PAGA's administrative exhaustion requirements are the functional equivalent of the "condition precedent" discussed in *Wilson*. A later amendment cannot retroactively bestow administrative compliance that did not exist when the plaintiff filed the initial complaint. To hold otherwise would violate the logical principal set out in *Wilson*. It is true that courts allow subsequent putative class members to take advantage of a previously filed class action lawsuit to toll the statute of limitations. *See Morgan v. Laborers Pension Trust Fund for N. Cal.*, 81 F.R.D. 669, 678 (N.D. Cal. 1979) ("filing of a class action suit tolls the running of the statute of limitations for all members of the putative class") (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-554 (1974)). But in this case, the Original Complaint could not toll the statute of limitations for the PAGA claims because there was no administrative exhaustion at the time.

This type of relation back also makes no sense in light of the principals underlying the exhaustion requirements. Permitting Plaintiff to amend the original complaint in this way creates a PAGA notice loophole, circumventing the purposes of PAGA exhaustion. *See Harris*, WL 2010 56179, at *4 (noting that "[t]he function of the procedural condition precedent to suit—timely notice to the LWDA—may be undermined were the relation back doctrine applied and the statutory requisites ignored"). Applying the relation back doctrine in this situation is both illogical and contrary to the statutory purpose.

Therefore, the PAGA claim cannot relate back to the date that Mazzei filed the Original Complaint. The PAGA claims can only go forward as related to Orejel's exhaustion dates, as he satisfied PAGA's administrative requirements.

The Court GRANTS Defendants' Motion to limit any PAGA penalties to the appropriate time periods justified by Plaintiff Orejel's exhaustion.

### c. Whether the California Labor Code Claims Relate Back

Defendants argue Mazzei cannot allege two of the California Labor Code claims listed in the FAC: an unpaid overtime claim under §§ 510 and 1198, and an unpaid meal periods claim under §§ 226.7 & 512(a). California places a three-year statute of limitations on Labor Code claims. Cal. Code Civ. Proc. § 338. Mazzei's employment with Defendants ended in February 2010. Mazzei thus had until February 2013 to file the unpaid overtime and meal period claims. She is now barred from asserting those claims in the FAC unless the new claims relate back to the Original Complaint.

According to Defendants, the unpaid overtime claim in the FAC must be dismissed because the Original Complaint alleged that the same factual premise – requiring employees to work through meal periods – only caused employees to incur unpaid *minimum* wages. Mot. at 12. Even if Plaintiffs aver that the unpaid overtime relates back to the unpaid minimum wages claim, Defendants argue, the new claim is premised upon new factual allegations. Similarly, Defendants argue that the FAC cannot allege unpaid meal periods based on arguments that plaintiffs were

> (2) required to work shifts not longer than six hours, and did not waive their meal periods, and were required to work for a period of more than five hours without a meal period of not less than 30 minutes, and (3) required to work over 10 hours in one day without a second meal period.

Mot. at 13. Defendants argue that these factual predicates were not alleged in the Original Complaint and so are outside the three-year statute of limitations.

The Plaintiffs argue that both the unpaid overtime and unpaid meal period claims in the FAC satisfy the relation-back test because both are based on the same core operative fact that Plaintiffs "were not paid for off-the-clock work," such as being "required to work through some meal periods, while clocked out, at the request of supervisors." Compl. ¶ 36; FAC ¶ 80; Opp'n at 12.

### i. Statute of Limitations and Relation Back Standard

In diversity cases, federal courts generally apply state law relation-back rules to amendments where state law provides the applicable statute of limitations. *See* Schwarzer, Tashima & Wagstaffe, *Fed. Civ. Proc. Before Trial*, 8:455 (2008) (*citing Saxton v. ACF Industries, Inc.*, 254 F.3d 959 (11th Cir. 2001)). California law provides a statute of limitations on the California Labor Code claims. *See* Cal. Code Civ. Proc. §§ 338(a), 340(a). Hence, California relation-back rules apply to Plaintiffs' amendments.

7

*See Dep't of Fair Labor & Hous. v. Lucent Tech.*, 2008 WL 1815799, at *1 (N.D. Cal. Apr. 22, 2008).

Under California law, an amended complaint relates back to the original complaint when the amended cause of action (1) rests on the same general set of facts, (2) involves the same injury, and (3) refers to the same instrumentalities as the original complaint. *See Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). "The prevailing [relation-back rule] . . . is that, if an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general set of facts." *Grudt v. City of L.A.*, 2 Cal. 3d 575, 583 (1970) (*citing Austin v. Mass. Bonding & Ins. Co.*, 56 Cal. 2d 596, 600 (1961)).

The determinative factor in cases applying relation-back is "the sameness of facts rather than the rights or obligations arising from those facts . . . ." *Lamont v. Wolfe*, 142 Cal. App. 3d 375, 378 (1983). "[I]t has long been held that a change in a legal theory will not prevent an amendment from relating back" to the original complaint so long as the new cause of action is based on the same set of facts previously alleged. *Smeltzley v. Nicholson Mfg. Co.*, 18 Cal. 3d 932, 940 (1977); *see Grudt*, 2 Cal. 3d at 583 (amended complaint adding negligence claim based on respondeat superior related back to original complaint because it was based on the same alleged misconduct); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1198 (2008) (employees' PAGA claims in amended complaint related back to underlying Labor Code claims alleged in original complaint because the factual basis of defendant's liability and alleged injury were the same in both causes of action).

### ii. Analysis

Here, Plaintiffs' claims alleged in the FAC are premised on the same underlying facts as the claims in the Original Complaint: Defendants required Plaintiffs to work off the clock at various times, including through meal periods. FAC ¶ 80; Compl. ¶ 36; Opp'n at 12. As a result, some employees did not receive minimum wages for that time, some employees worked more than eight hours but received no overtime pay, and some employees missed meal periods. These claims rest on the same set of facts previously alleged, and simply add new legal theories. *See Lamont*, 142 Cal. App. 3d at 378-380 (husband's amended complaint for wrongful death related back to original complaint for loss of consortium because both claims were based on defendant's same negligent acts and same injuries). Therefore, the same general facts alleging Defendants required Plaintiffs to work off the clock and through meal periods appear in both causes of action.

The fundamental injury caused by the claims in the FAC is also the same as the injury alleged in the Original Complaint: Plaintiffs were not properly compensated for their work and sometimes denied proper meal periods. Defendants argue that the overtime claim is based on new factual allegations because the new claim alleges that off-

the-clock work caused Plaintiffs to incur overtime wages. This Court finds Defendants' argument unpersuasive. The unpaid overtime and unpaid minimum wage injuries are indistinguishable in kind, and differ only in hourly rate. As the court in *Amaral* held, "an amendment seeking new damages relates back to the original complaint if such damages resulted from the same operative facts—i.e., the same misconduct and the same injury—previously complained of." *Amaral*, 163 Cal. App. 4th at 1167, 1200; *see also Walton v. Guinn* 187 Cal. App. 3d 1354, 1362 (1986) (amendment adding new special damages allegation related back because the damages resulted from the same injury and accident alleged in the original complaint). Therefore, because the Plaintiffs were not paid for off-the-clock hours in both causes of action, the injuries are the same.

Finally, the FAC and Original Complaint's allegations are based on the same "instrumentality." An amended complaint with a new cause of action does not refer to the same instrumentalities of the original complaint if the two injuries are caused at different times as a result of different actions. *Espinoza v. Super. Ct.*, 202 Cal. App. 3d 409, 415 (1988). The Original Complaint alleged that Defendants' policies of "understaffing of its theaters and the volume of customer and related customer service requirement(s)" forced employees to work off the clock. FAC ¶ 65; Compl. ¶ 36. The unpaid overtime and unpaid meal period allegations in the FAC are based on the same misconduct. These allegations address the same time periods during which Defendants allegedly did not compensate Plaintiffs' work. *See also Newton v. Cnty. of Napa*, 217 Cal. App. 3d 1551, 1565 (1990) (noting that the injuries cannot be "well removed in time, place, and factual context.").

Because both the unpaid overtime and unpaid meal period claims arise from the same operative facts, injury, and instrumentality alleged in the Original Complaint, the claims relate back to the filing date of the Original Complaint and the statute of limitations is met. Defendants' Motion to Dismiss these claims is therefore DENIED.

## V.     Conclusion

For the reasons stated above, the Court GRANTS Defendants' motion to limit Plaintiffs' PAGA claim to the dates covered by Orejel's administrative exhaustion because the claims do not relate back to the filing date of the Original Complaint. However, the Court DENIES Defendants' Motion to Dismiss Plaintiffs' PAGA claim entirely.

The Court DENIES Defendants' Motion to Dismiss with respect to Plaintiffs' claims for: (1) unpaid overtime wages; and (2) unpaid meal period premium.

Furthermore, the Court hereby DISMISSES defendants Regal Entertainment Group and San Francisco Theatres, Inc. The parties stipulated to dismiss these defendants on January 10, 2013. *See* Opp'n at 6 n.1; Dkt. 1-4. No court has yet ruled on

the stipulation, Opp'n at 6, and so these two defendants are hereby DISMISSED WITHOUT PREJUDICE.

        The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                        Initials of Deputy Clerk: jcb